NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 12-23578 |
| Catherine Trembley | : | Chapter 7 |
| Debtor. | : | |
| David A. Ganz | : | |
| Plaintiff, | : | |
| vs. | : | Adversary No. 12-1847 |
| Catherine Trembley | : | |
| Defendant. | : | **MEMORANDUM OPINION** |

**APPEARANCES**

<u>Attorneys for Plaintiff</u>
Donald F. Campbell, Jr., Esquire
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701

<u>Defendant, Pro Se</u>
Catherine Trembley
96 East Avenue, Apartment 48
Atlantic Highlands, New Jersey 07716

Procedural History

Plaintiff, David Ganz filed a one count complaint under 11 U.S.C. 523(a)(2)(A) and (B). Mr. Ganz abandoned his 523(a)(2)(A) cause of action, and proceeded solely under 523(a)(2)(B). The court entered partial summary judgment in favor of Mr. Ganz by order dated August 29, 2013. The court tried the remaining issues on December 6, 2013. The court now presents its findings of fact and conclusions of law.

Findings of fact

David Ganz is an individual whose primary occupation is as freelance broadcast engineer. To supplement his income, he has rented out a one bedroom cottage on his property at 610 Aumack Avenue in Union Beach for the past 17 years. In 2009, Mr. Ganz moved out of the main house and advertised it for rent. Defendant, Catherine Trembley responded to a newspaper advertisement regarding the property; the parties had no prior relationship.

On November 18, 2009, Ms. Trembley went to the property to meet with Mr. Ganz and filled out a rental application. The following day, Ms. Trembley and Mr. Ganz executed a written lease for a term of December 1, 2009 to November 30, 2010. Mr. Ganz commenced eviction proceeding against Ms. Trembley in the state court based on various alleged breaches of the rental agreement. Ms. Trembley did not answer the complaint and Mr. Trembley sought the entry of default and default judgment. After a proof hearing, Judge McGann entered a final judgment in the amount of $9,348.51 for unpaid rent and damage to the property. Mr. Ganz now seeks a finding from this court that the state court judgment is not subject to discharge in her bankruptcy.

Conclusions of law

Section 523(a)(2)(B) provides that a debtor is not discharged of any debt to the extent obtained by use of a statement in writing-

    (i) that is materially false;

    (ii) respecting the debtor's or an insider's financial condition;

    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

    (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B). A creditor must prove five elements to prevail on a § 523(a)(2)(B) claim: "(1) the debtor made a statement in writing; (2) the statement concerned the debtor's financial condition; (3) the statement was materially false; (4) the debtor made the representation with an intent to deceive the creditor; and (5) the creditor actually and reasonably relied on the misrepresentation."[1] The burden of proof is on the creditor to show all of the elements by a preponderance of the evidence.[2] On summary judgment, this court found that Mr. Ganz had established the first three elements: that the rental application was a statement made in writing; that it concerned the debtor's financial condition; and that it was materially false. Accordingly, the trial focused on reasonable reliance and intent to deceive.

    One of the remaining elements Mr. Ganz must establish is that he actually and reasonably relied on the misrepresentations in the rental application.[3] The Third Circuit has held that "[t]he reasonableness of a creditor's reliance under § 523(a)(2)(B) is judged by an objective standard, i.e., that degree of care which would be exercised by a reasonably cautious person in the same business transaction under similar circumstances."[4] A determination of whether a creditor's reliance was reasonable is a factual determination to be made in light of the totality of the circumstances.[5] Among the circumstances that might affect the reasonableness of a creditor's

---

[1] In re Morris, 223 F.3d 548, 552 (7th Cir. 2000)
[2] Grogen v. Garner, 498 U.S. 279 (1991)
[3] 11 U.S.C. 523(a)(2)(B)(iii)
[4] In re Cohn, 54 F.3d 1108, 1117 (3d Cir. 1995)
[5] In re Park, 492 B.R. 668 (Bankr. S.D.N.Y. 2013)

reliance are: (1) whether the creditor had a close personal relationship or friendship with the debtor; (2) whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; (3) whether the debt was incurred for personal or commercial reasons; (4) whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and (5) whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.[6]

      Mr. Ganz and Ms. Trembley came to this rental transaction as strangers. There was no prior relationship of trust that would have encouraged Mr. Ganz to be lax in his factual investigation. The court must judge this transaction in the context of that relationship. The court must also view these facts from the perspective of what is reasonable for a non-commercial rental situation.  Although Mr. Ganz had rented out his cottage for 17 years, he was not a commercial property manager, and the court will not hold him to the standards of what investigation would have been reasonable for a professional landlord.  The evidence at trial revealed that Mr. Ganz did several things prior to accepting Ms. Trembley as a tenant. First, he had her fill out a rental application.[7] Second, he ordered a credit report.[8] Finally, he called Liccardi Ford, the employer Ms. Trembley listed in her rental application, to verify her employment.[9] While it might have been preferable for Mr. Ganz to have confirmed Ms. Trembley's actual salary and not merely the fact of her employment, that misstep does not establish that his verification of the information on the rental application was unreasonable. Notably, Ms. Trembley did not present any testimony that would suggest that her employer

---

[6] BancBoston Mortgage Corp. v. Ledford (In re Ledford), 970 F.2d 1556, 1560 (6th Cir. 1992)
[7] Exhibit P-1
[8] Exhibit P-2
[9] At trial, Ms. Trembley stated that Mr. Ganz did not call her employer.  Ms. Trembley did not present a witness from Liccardi Ford to verify that statement nor did she offer her own testimony to attempt to establish that fact.  Given Ms. Trembley's failure to establish her personal knowledge of that fact, the court finds Mr. Ganz's version of the facts more credible.

would provide salary information regarding one of its employees over the phone. The court finds the possibility that Mr. Ganz could have obtained precise salary information highly improbable. Based on the three steps that Mr. Ganz took, the court finds that Mr. Ganz has established both that he actually relied on the rental application, and that his reliance was reasonable.

The final element to be established is whether the debtor made the representation with an intent to deceive the creditor.[10] Courts recognize the difficulty of proving deceitful intent with direct evidence because people will rarely admit to having such intentions. The Third Circuit has held that the intent to deceive may be established by circumstantial evidence, such as proof of a debtor's reckless indifference for the accuracy of a representation.[11]

At trial, Ms. Trembley and her son, Joseph Carroll, both testified that they informed Mr. Ganz that Joseph would be an additional renter. Whether Joseph was intended to be a renter or merely an occupant is not central to the court's analysis. The misrepresentations that form the basis of this complaint are: "Defendant's representations to plaintiff regarding her financial condition, including the amount of her earnings, the amount of her other debt, and that she did not have auto loan and auto lease payments, were materially false and defendant knew those representations were materially false."[12]

On the issue of the auto loans, Ms. Trembley repeatedly testified that she did not provide that information to Mr. Ganz because he assured her that he was aware of her financial obligations from her credit report. That testimony directly contradicts the documentary evidence that was presented at trial. The rental application is dated November 18, 2009, and the credit report was not even requested until November 19, 2009. At trial, Ms. Trembley attempted to

---

[10] 11 U.S.C. 523(a)(2)(B)(iv)
[11] Insurance Company of North America v. Cohn (In re Cohn), 54 F.3d 1108 (3d Cir. 1995)
[12] Complaint at para. 22

justify her failure to put the auto loan information on the rental application by stating that she trusted Mr. Ganz. Unfortunately for Ms. Trembley, there was nothing in the record established at trial to suggest that either of the parties had any reason to trust one another. The evidence actually supports the opposite conclusion. If Ms. Trembley simply trusted Mr. Ganz, then there was no reason for her to insist that her son Joseph's name be added in paragraph 6 of the Lease.[13] Ultimately, however, the misrepresentation regarding the existence of auto loans is not the tipping point in the court's analysis. Ms. Trembley's failure to provide the auto loan information in her rental application is trumped by the fact that it was not reasonable for Mr. Ganz to claim he solely relied on the financial obligations disclosed in the rental application when he had taken the additional step of obtaining a credit report.[14]

The misrepresentation that leads the court to conclude that Ms. Trembley acted with an intent to deceive is the inaccurate salary information. Ms. Trembley testified that she and Mr. Ganz filled out the rental application jointly and that she asked him if he wanted her to write down her personal income or the household income, and Mr. Ganz said "household". Ms. Trembley's testimony on this point was inconsistent. At times she testified that Mr. Ganz told her he wanted to know the household income, and other times she testified that he told her that he was only interested in her information. Further undermining the plausibility of Ms. Trembley's statements is the wording of the rental application itself. The blank in question did not ask for a statement of "income", it asked for "salary". Ms. Trembley's claim that she was providing "household income" makes no sense in that context. The court finds that the circumstances surrounding the completion of the rental application compel the conclusion that

---

[13] Exhibit P-4

[14] The credit report itself was not submitted at trial, so the court is left to assume that it included the auto loan information.

when Ms. Trembley listed $75,000 as her annual salary she did so with the intention that Mr. Ganz would rely on that statement.

Alternatively, the court finds that this factor is satisfied because listing "household income" in response to a question asking for "salary" demonstrates a reckless indifference to the accuracy of the representation.[15]  Failing to be accurate on the rental application is all the more damaging for Ms. Trembley's credibility because she has shown herself to be a person who carefully reads documents.  Ms. Trembley did not blindly sign the form lease Mr. Ganz presented to her; she made numerous written changes to it, including adding her son Joseph as a person permitted to use the property and adding that her dog was allowed in the house.  Under established bankruptcy precedent, being reckless with regard to representations is the legal equivalent of acting with fraudulent intent.

## Conclusion

The court finds that Mr. Ganz has established the remaining two elements of his 523(a)(2)(B) cause of action by a preponderance of the evidence.  Judgment will be entered in his favor.  In accordance with paragraph 24 of the Lease, the court will also award reasonable attorney's fees.  Plaintiff's counsel should submit a certification of legal services and an order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated:  March 10, 2014

---

[15] Insurance Company of North America v. Cohn (In re Cohn), 54 F.3d 1108 (3d Cir. 1995)